**Louise RYTERSKI, Respondent,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Appellant.**

**No. ED 79148.**

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 23, 2001.

Gary P. Paul, Brinker & Doyen, L.L.P., Clayton, MO, for appellant.

Louise R. Ryterski, Law Offices of Louis R. Ryterski, L.L.C., St. Charles, MO, for respondent.

JAMES R. DOWD, Chief Judge.

Louise Ryterski was insured by American Family Mutual Insurance Company when she was involved in a car accident on Aug. 13, 1997. In August 2000 she filed suit for breach of her contract of insurance, praying for $1,619.68 of unreimbursed medical payments and $5,000.00 for vexatious refusal to pay, a cause of action authorized by § 375.420 RSMo (2000). On August 9, 2000, American Family was served through the Director of Insurance. The face of the summons commanded the defendant to appear at 9:00 a.m. on August 28, 2000 in St. Charles County Circuit Court.

On August 21, 2000, American Family's attorney received a copy of the petition. On August 28, 2000, Ryterski appeared in person for the 9:00 a.m. setting. American Family failed to appear. The cause was submitted to the judge who, upon the evidence presented, entered judgment for Ryterski and against American Family for $6,719.68 in principal and $166.00 interest, for a total of $6,885.68 plus $87.00 in court costs. On September 25, 2000, Ryterski filed an execution and interrogatories to collect the judgment. American Family then filed a Motion to Set Aside Default Judgment. After oral arguments, the court denied American Family's motion. This appeal followed.

■ American Family raises several points of error, but we reach only the jurisdictional issue because it is dispositive. In its brief filed here American Family claims for the first time that the trial court lacked jurisdiction to enter a judgment against it. American Family argues that when service is made on the Director of Insurance by virtue of § 375.261, another section of that same chapter, § 375.271, prohibits taking a default judgment against an insurance company unless 45 days have elapsed since the date of service. Here the default judgment was entered after only 19 days.

■ Ordinarily errors raised for the first time on appeal are waived; but claims that the trial court lacked jurisdiction can be raised at any time because any judgment entered by a court lacking jurisdiction is void. *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. 1997).

■ The issue here, then, is whether § 375.271 applies to a Chapter 517 case heard by an associate circuit judge. Chapter 517 sets forth the procedure in civil cases heard by an associate circuit judge.

Section 517.011.1 provides, in relevant part, that:

The provisions of this chapter shall apply to *the practice and procedure* in civil cases originally filed before associate circuit judges in hearing and determining the following cases or classes of cases:

(1) *Except as otherwise provided by law*, all civil actions and proceedings for the recovery of money, whether such action be founded upon contract or tort, or upon a bond or undertaking given in pursuance of law in any civil action or proceeding, or for a penalty or forfeiture given by any statute of this state, when the sum demanded, exclusive of interest and costs, does not exceed twenty-five thousand dollars;

(emphasis added). Section 517.041.1 provides that in associate circuit court "[t]he summons shall command the defendant to appear before the court on a date and time, not less than ten days nor more than thirty days from the date of service of the summons." Section 375.271, however, provides:

No plaintiff shall be entitled to a judgment against the defendant by default under this section until after the expiration of forty-five days from the date of service of summons with copy of plaintiff's petition thereto attached upon the director of the insurance department, his deputy or chief clerk as provided in section 375.261, or upon either of the persons referred to in section 375.266.

Ryterski argues that sections 517.041.1 and 375.271 are in direct conflict because § 517.041.1 grants the right to take a judgment ten days after service of process on a defendant, and § 375.271 prohibits the taking of a default judgment unless 45 days have elapsed after service is had on the Director of Insurance. Ryterski's solution

to this apparent conflict is to read § 517.041 as the dominant statute. We disagree. These sections do not directly conflict because there is nothing in § 375.271 that allows the insurance company to ignore the processes of the court or relieves them from the duty to *appear* before the associate court division between 10 and 30 days after the date of service. A conflict arises only when the court, as in this case, enters a default judgment against the insurer before expiration of the 45–day minimum laid down in § 375.271.

Section 517.011.1(1) gives the associate circuit judge jurisdiction to hear contract cases and to apply the procedural rules of chapter 517 *"[e]xcept as otherwise provided by law."* (emphasis added). Section 375.271 is an exception provided by law.

It is clear that the legislature was taking into consideration the special problems relating to suits against insurance companies when it enacted Chapter 375. Here, Ryterski took advantage of Chapter 375's special rules for service of insurance companies when she served the Director of Insurance pursuant to § 375.261. She now wishes to avoid application of another provision of that same Chapter, § 375.271. But these provisions must be read together.

If a plaintiff serves the Director of Insurance, § 375.261 [1] allows the Director 10 days to *send* the petition to the insurance company. Section 375.261 allows for the possibility that an insurance company will not *receive* a petition until after ten days have elapsed. Section 517.041.1 allows the plaintiff to "command the defendant to appear before the court on a date and time, *not less than ten days* nor more than thirty days from the date of service of the summons." While it did not happen in this case, under Ryterski's analysis of this statutory scheme it would be possible for a plaintiff to take a default judgment before the insurance company has received actual notice of the law suit. The legislature could not have intended such a violation of basic principles of due process, equal protection and fair play. And we conclude they intended no such result.

Plaintiff can still file suit against an insurance company before an associate circuit judge. If the insurance company fails to appear for the initial hearing, as American Family did here, the plaintiff must simply continue the matter to a date certain beyond the 45th day. Then if the defendant does not appear, the plaintiff may take a default judgment.

We appreciate Ryterski's complaint. Three years after an auto accident she files suit against American Family for vexatious refusal to pay. The attorney for American Family received the petition seven days before the court date and still failed to make an appearance. American Family then sought to have the judgment set aside, but failed to raise the jurisdictional question and forced Ryterski to come here to the Court of Appeals, where at last they raise the jurisdictional question. It is clear, however, that § 375.271 prohibits a court from entering a default judgment against an insurance company until 45 days have elapsed. The court

---

1. Section 375.261, in relevant part, provides: The service of process shall be deemed sufficient provided notice of service, and a copy of the summons, with a copy of plaintiff's petition thereto attached, are sent certified mail, with return receipt requested, within ten days after service of process upon the director of the insurance department, or his deputy or chief clerk, as aforesaid, by plaintiff or plaintiff's attorney to the defendant at its last known principal place of business . . .

here, therefore, did not have jurisdiction to enter a default judgment. The judgment is void. We remand with instructions to set the default judgment aside. Respondents' motions for attorney fees and costs are denied without prejudice because they may become a component of damages in the underlying vexatious refusal claim.

PAUL J. SIMON, J., concurs.

RICHARD B. TEITELMAN, J., concurs.